IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GOLDEN SPREAD ELECTRIC COOPERATIVE, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:22-CV-00058 |
| HARTFORD UNDERWRITERS INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

**ORIGINAL COMPLAINT FOR DAMAGES
AND DECLARATORY RELIEF**

Plaintiff Golden Spread Electric Cooperative, Inc. ("Golden Spread Electric") brings its original complaint for breach of contract, declaratory judgment, and violations of the Texas Insurance Code against Defendant Hartford Underwriters Insurance Company ("Hartford"), and in support states as follows:

**THE PARTIES**

4.  Plaintiff Golden Spread Electric – a generation and transmission cooperative that provides electric power and energy to its 16 Member cooperatives – is a not-for-profit corporation duly formed and existing under the laws of the State of Texas, with its principal place of business in Amarillo, Texas.

5.  Defendant Hartford is a foreign insurance company licensed to write insurance in the State of Texas. Hartford is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Hartford may be served with summons through its registered agent for service of process in Texas: CT Corporation System, 1999 Bryan Street Suite 900, Dallas Texas 75201.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of the citizenship of the parties and the amount in controversy is greater than $75,000, exclusive of interest, attorney fees, and costs.

7. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this action occurred in this judicial district. Both of the lawsuits for which Golden Spread Electric is seeking insurance coverage were filed in a county that sits within the Southern District of Texas, one of the lawsuits was filed in a county that sits within the Galveston Division of the Southern District of Texas, and certain plaintiffs in both lawsuits are residents of counties that sit within the Galveston Division of the Southern District of Texas.

**FACTUAL BACKGROUND**

**The Policy**

8. Harford issued a commercial general liability policy to Golden Spread Electric with a policy period of November 15, 2020 to November 15, 2021, and bearing the Policy No. 34 UEJ ID0830 (the "Policy"). The Policy has a per occurrence limit of $2,000,000. A true and correct copy of the Policy is attached hereto as **Exhibit A** and is incorporated herein.

9. The Policy provides coverage to Golden Spread Electric for damages it is legally obligated to pay because of "bodily injury" or "property damage" caused by an "occurrence" that takes place during the policy period and in the coverage territory, which includes the United States of America. *See* Ex. A at CGL Coverage Form, Section I – Coverage A.1.

10. The Policy defines "bodily injury" to include "a. Injury; b. Sickness; or c. Disease sustained by a person and, if arising out of the above, mental anguish or death at any time." The

Policy also provides that "Damages because of 'bodily injury' include damages claimed by any person or organization for care, loss of services or death resulting at any time from the 'bodily injury'." *See id.* at CGL Coverage Form, Section I – Coverage A.1(d); Section V(5).

11. The Policy defines "property damage" to include: (1) "[p]hysical injury to tangible property, including all resulting loss of use of that property"; or (2) "[l]oss of use of tangible property that is not physically injured." *See id.* at CGL Coverage Form, Section V(20).

12. The Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  *See id.* at CGL Coverage Form, Section V(16).

13. The Policy imposes upon Hartford "the right and duty to defend [Golden Spread Electric] against any 'suit' seeking … damages [because of 'bodily injury' or 'property damage']." *See id.* at CGL Coverage Form, Section I – Coverage A.1(a).

## The Turner Action

14. On April 26, 2021, named plaintiffs Randy Turner, Individually and as Personal Representative of the Estate of Terrill Turner a/k/a Terrell Turner, Deceased, Liz Chavez, Shannon Hodge, Kevin Wong, Scott Minnick and Holly Pride (collectively, the "Turner Plaintiffs"), filed a petition against Golden Spread Electric and several other power generation companies in the 164th District Court of Harris County, Texas, in an action styled, *Randy Turner, et al. v. NRG Texas Power, et ux.*, Cause No. 2021-24797 (the "Turner Action").

15. A true and correct copy of the Original Petition in the Turner Action is attached hereto as **Exhibit B** and is incorporated herein.

16. As alleged in the Turner Action, Plaintiffs Kelly Able, Tiffany Morgan, and Shadana Morman are residents of Brazoria County, Texas and Plaintiff Robert Keenan is a

resident of Chambers County, Texas, which all sit within the Galveston Division of the Southern District of Texas.

17. As alleged in the petition, the Turner Action was brought on behalf of the Turner Plaintiffs who claim to have "suffered loss of life and/or who sustained personal injuries, damage to their property and/or other losses" during Winter Storm Uri, the severe weather event in February 2021. Ex. B at ¶ 1.

18. The Turner Plaintiffs allege that the power generator defendants negligently failed to properly prepare for a "worst-case-scenario" cold weather storm by sufficiently weatherizing their facilities and equipment to ensure their equipment did not freeze and fail during a cold weather event of the magnitude and severity of Winter Storm Uri. *See id.* at ¶¶ 18-20, 27

19. The Turner Plaintiffs allege that Winter Storm Uri caused temperatures to drop below freezing in Texas for days. As a result, "Texas power grids were not able to sustain the higher-than-normal energy and heating demand from residential and business users, and the grids failed." *See id.* at ¶ 19.

20. The Turner Plaintiffs allege that the power generator defendants' "facilities and equipment froze" during Winter Storm Uri resulting in damage to power generating equipment that resulted in further damages "without warning." *See id.* at ¶ 36.

21. The Turner Plaintiffs further allege that failure of the power grids "resulted in approximately 4.3 million power outages that affected 14.9 million Texans by putting them in the precarious position of having no power to heat and light their homes in cold weather conditions that lasted for days." *See id.* at ¶ 19.

22. The Turner Plaintiffs further allege that the "various acts and omissions of negligence and gross negligence" of the power generator defendants in failing to properly

weatherize their facilities and equipment, train their personnel, and properly design their facilities, among other things, "were the proximate cause of the occurrence, property losses, illnesses and death, substantial interference with the use and enjoyment of property, and damages sustained by Plaintiffs[.]" *See id.* at ¶¶ 27-28, 34-35.

23.     The Turner Plaintiffs' claims include, among other things, negligence & gross negligence, in Count I of the Petition; product liability and strict liability, in Count II of the Petition; and strict liability-abnormally dangerous activity, in Count III of the Petition. *See id.* at ¶¶ 26-82.

24.     Under the Policy, Hartford has a duty to defend Golden Spread Electric in the Turner Action because it is a "suit" alleging damages because "bodily injury" and "property damage" caused by an "occurrence" that took place during the policy period in United States.

### The Martin Action

25.     On April 15, 2021, plaintiffs Danny Martin, Individually and as the Independent Administrator of the Estate of Anne Louise Martin, Shane Martin, Travis Martin, and Heather Tambrella (collectively, the "Martin Plaintiffs") filed a petition against Electric Reliability Council of Texas ("ERCOT") and CenterPoint Energy, Inc., filed in the District Court of Galveston County, Texas in an action styled *Danny Martin, et. al. v. Electric Reliability Council of Texas, et al.*, Cause No. 2021-CV-0492 (the "Martin Action").

26.     On January 21, 2022, the Martin Plaintiffs filed a First Amended Petition, naming Golden Spread Electric and several other power generation companies as additional defendants.

27.     A true and correct copy of the First Amended Petition in the Martin Action is attached hereto as **Exhibit C** and is incorporated herein.

28. As alleged in the petition, the Martin Action was brought on behalf of the Martin Plaintiffs whose spouse and mother died during the Winter Storm Uri. Ex. C at ¶ 1.

29. The Martin Plaintiffs allege that the power generator defendants, including Golden Spread Electric, failed to properly prepare for a "worst-case-scenario" cold weather storm by weatherizing their power generating facilities/stations and equipment for such an event. *See id.* at ¶¶ 18-20, 23

30. The Martin Plaintiffs allege that "[t]he failure to weatherize by the Power Generator Defendants resulted in a variety of equipment-related issues arising during Winter Storm Uri, including frozen sensing lines, frozen water lines, frozen valves, ice accumulation on wind turbine blades, ice/snow cover on solar panels, exceedances of low temperature limits for wind turbines, and flooded equipment due to ice/snow melt. These resultant malfunctions resulted in systemic widespread outages." *See id.* at ¶ 49.

31. The Martin Plaintiffs further allege that the "various acts and omissions of negligence and gross negligence" of the power generator defendants in failing to properly weatherize and/or maintain their facilities and equipment "were the proximate cause of the occurrence, property losses, illnesses and death, substantial interference with the use and enjoyment of property, and damages sustained by Plaintiffs[.]" *See id.* at ¶ 28.

32. The Martin Plaintiffs' claims against the power generator defendants include negligence and gross negligence in Count I. *See id.* at ¶¶ 105-11, 136-38.

33. Pursuant to the Policy, Hartford has a duty to defend Golden Spread Electric against the Martin Action because it is a "suit" alleging damages because "bodily injury" or "property damage" caused by an "occurrence" that took place during the policy period in United States.

### The Winter Storm Uri MDL

34. On May 11, 2021, the Multidistrict Litigation ("MDL") Panel entered an order staying all proceeding in the Martin Action until further order of the MDL Panel.

35. On June 10, 2021, the MDL Panel held that cases against ERCOT and power generators in Texas alleging property damage and bodily injury arising from Winter Storm Uri should be consolidated in a single MDL proceeding due to the substantial overlap of the alleged operative facts among the petitions.

36. On July 7, 2021, the MDL Panel designated the 281st District Court of Harris County, Texas as the MDL Pretrial Court for cases alleging that wrongful conduct of ERCOT and other power generator defendants caused property damage and bodily injury during Winter Storm Uri.

37. The MDL Panel transferred the Martin and Turner Actions to the MDL Pretrial Court, Cause No. 2021-41903, *In re Winter Storm Uri Litigation*, pending in the 281st District Court of Harris County, Texas (the "Winter Storm Uri MDL").

38. Golden Spread Electric has been named in a number of additional lawsuits that have been consolidated in the Winter Storm Uri MDL, and anticipates that it may be named in still more lawsuits that are consolidated in the Winter Storm Uri MDL that assert substantially similar factual allegations and theories of liability as the Martin and Turner Actions.

### Tender of Claims and Hartford's Wrongful Denial

39. Golden Spread Electric timely reported the Turner Action to Hartford and demanded that Hartford defend Golden Spread Electric against the allegations in the Turner Action as required by the Policy.

40. Hartford acknowledged receipt of the Turner Action claim on May 11, 2021.

41. On June 17, 2021, Hartford wrongfully denied all coverage obligations under the Policy including its duty to defend Golden Spread Electric in the Turner Action.

42. The Turner Action is ongoing and Golden Spread Electric's defense costs continue to accrue.

43. As a result of Hartford's wrongful denial of its contractual obligation to defend Golden Spread Electric in the Turner Action, Golden Spread Electric has incurred, and will continue to incur, substantial defense costs defending itself in the Turner Action.

44. The Turner Action fits within the scope of the Policy's coverage, and all conditions imposed by the Policy, including the payment of premiums and notice of claims, have been satisfied, waived, or otherwise excused by the behavior of Hartford or by operation of law.

45. Based on Hartford's wrongful denial of coverage for the Turner Action, Golden Spread Electric anticipates that Hartford will take a similar coverage position with regard to the Martin Action and other actions against Golden Spread Electric that are consolidated in the Winter Storm Uri MDL, due to the substantial overlap in alleged operative facts and theories of liability with the Turner Action.

## CAUSES OF ACTION

### COUNT I – Breach of Contact

46. Golden Spread Electric incorporates all allegations in the foregoing paragraphs by reference as if set forth fully herein.

47. The Policy is a valid and enforceable contract between Golden Spread Electric and Hartford.

48. Golden Spread Electric has performed all obligations under the Policy, and all conditions precedent to coverage under the Policy have been satisfied or waived.

49. Golden Spread Electric has incurred defense costs defending itself against the Turner Action.

50. As set forth above and in Exhibit A, Hartford contracted to defend Golden Spread Electric against any "suit" seeking damages because of "bodily injury" or "property damage" caused by an "occurrence" that takes place in the "coverage territory" during the policy period.

51. As set forth above and as demonstrated in Exhibit B, the Turner Action is a covered suit seeking damages because of "bodily injury" or "property damage" caused by an "occurrence" during the policy period and in the coverage territory, triggering Hartford's defense obligation under the Policy.

52. All conditions imposed by the Policy, including the payment of premiums and notice of claims, have been satisfied, waived, or otherwise excused by the behavior of Hartford or by operation of law.

53. Hartford breached the Policy by wrongfully failing and/or refusing to defend Golden Spread Electric in the Turner Action.

54. No exclusions, conditions, or other provisions in the Policy excuse Hartford's non-performance.

55. Golden Spread Electric has not otherwise excused Hartford's non-performance.

56. As a direct and proximate cause of Hartford's breach, Golden Spread Electric has been denied the benefits of insurance coverage to which it is entitled as an insured under the Policy.

57. As a direct and proximate cause of Hartford's breach, Golden Spread Electric has already incurred monetary damages, and Hartford's continuing breach will result in substantial

further monetary damages in excess of the jurisdictional minimum, exclusive of interest and costs associated with this lawsuit.

## COUNT II - Declaratory Judgment

58. Golden Spread Electric incorporates all allegations in the foregoing paragraphs by reference as if set forth fully herein.

59. Golden Spread Electric seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201, et seq., of the respective rights and obligations of Golden Spread Electric and Hartford under the Policy for the Martin Action and all other suits against Golden Spread Electric that have been, or in the future will be, consolidated in the Winter Storm Uri MDL.

60. An actual justiciable controversy exists between Golden Spread Electric and Hartford concerning the Policy, in that Golden Spread Electric contends that Hartford must defend Golden Spread Electric in the Martin Action as well as all other suits against Golden Spread Electric that have been, or in the future will be, consolidated in the Winter Storm Uri MDL, and Hartford has disclaimed its obligations to defend Golden Spread Electric in connection with the substantially similar Turner Action.

61. Golden Spread Electric seeks a declaration and order from this Court that Hartford is obligated to defend Golden Spread Electric in the Martin Action as well as all other suits against Golden Spread Electric that have been, or in the future will be, consolidated in the Winter Storm Uri MDL.

62. Golden Spread Electric reserves the right to amend this complaint at the appropriate time to specifically identify all other additional lawsuits against Golden Spread Electric consolidated in the Winter Storm Uri MDL for which Golden Spread Electric seeks a duty to defend from Hartford.

**COUNT III - Prompt Payment Violation Under Tex. Ins. Code § 542.060**

63. Golden Spread Electric incorporates all allegations in the foregoing paragraphs by reference as if set forth fully herein.

64. Golden Spread Electric timely notified Hartford of the Turner Action and provided all information necessary for Hartford to investigate and defend Golden Spread Electric against the Turner Action.

65. Under the terms of the Policy and the Prompt Payment Act of the Texas Insurance Code, Hartford was required to timely acknowledge receipt of Golden Spread Electric's claim for a defense against the Turner Action, commence any investigation of the claim, timely request from Golden Spread Electric all items, statements, and forms that Hartford reasonably believed, at that time, would be required from Golden Spread Electric, and then promptly provide Golden Spread Electric with a defense to the Turner Action.

66. Hartford's wrongful denial of coverage and its refusal to defend Golden Spread Electric in the Turner Action constitutes a violation of Section 542.060 of the Texas Insurance Code.

67. Accordingly, Hartford is liable for the full amount of the claim with interest, plus eighteen percent per annum of the amount of this insurance claim as penalty interest, together with reasonable attorneys' fees and costs in connection with Golden Spread Electric's pursuit of the insurance coverage to which it is entitled.

**PRAYER FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Golden Spread Electric respectfully requests the entry of a judgment in Golden Spread Electric's favor and against Hartford on all claims in this Complaint, and prays for relief as follows:

(i) monetary damages for Hartford's breach of contract in connection with the Turner Action an amount to be determined at trial, but exceeding $75,000, including direct, special, and consequential damages;

(ii) a declaration that Hartford has a duty to defend Golden Spread Electric in the Martin Action;

(iii) a declaration that Hartford has a duty to defend Golden Spread Electric in all other suits against Golden Spread Electric that are consolidated in the Winter Storm Uri MDL;

(iv) penalty interest at the rate of eighteen percent (18%) per year pursuant to TEX. INS. CODE §542.060;

(v) all reasonable and necessary attorney's fees and expenses incurred by Golden Spread Electric in this matter, pursuant to TEX. INS. CODE §542.060 and as otherwise allowed by law;

(vi) all costs incurred to pursue its coverage rights; and

(vii) pre-judgment and post-judgment interest at the maximum allowable rate.

**JURY DEMAND**

Golden Spread Electric hereby demands a trial by jury as to all triable issues.

Respectfully submitted,

**REED SMITH LLP**

By: */s/ J. James Cooper*

REED SMITH LLP

J. James Cooper
Tex. I.D. No. 04780010
jcooper@reedsmith.com

Dominic I. Rupprecht (*pro hac vice forthcoming*)
Tex. I.D. No. 24127494
811 Main Street, Suite 1700
Houston, Texas 77002
Telephone: 713.469.3879
Facsimile: 713.469.3899

Zachary S. Roman (*pro hac vice forthcoming*)
zroman@reedsmith.com
225 Fifth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: 412.288.3367
Facsimile: 412.288.3063

*Attorneys for Plaintiff Golden Spread Electric Cooperative, Inc.*